UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL BOWENS, # 09887-021

                Petitioner,                    CASE NO. 2:15-CV-10203
                                            HONORABLE GEORGE CARAM STEEH
      v.                                  UNITED STATES DISTRICT COURT

J.A. TERRIS,

                Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

This is a habeas case brought pursuant to 28 U.S.C. § 2241.  Rafael Bowens, ("Petitioner"), a federal prisoner presently confined at the Federal Correctional Institution in Milan, Michigan, seeks relief from the Bureau of Prisons' (B.O.P.) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program.  Respondent filed a motion to dismiss the petition on the ground that petitioner has not exhausted his administrative remedies.  Petitioner filed a reply to the motion.  For the reasons set forth below, the petition for writ of habeas corpus is dismissed without prejudice.

### I.  Background

Petitioner was sentenced in 1999 by the United States District Court for the Southern District of Georgia to a 162-month term of imprisonment and three years' supervised release for distribution of cocaine, in violation of 21 U.S.C. § 841.  Petitioner was released from custody on August 15, 2008.  On April 6, 2010, petitioner was

-1-

sentenced by the United States District Court for the Southern District of Georgia to a 90-month term of imprisonment and five years' supervised release for conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. § 846.  On May 6, 2010, petitioner was also sentenced to a 20-month term of imprisonment for violating the supervised release conditions of his 1999 conviction.  The two sentences are to be served consecutively and are treated as a single aggregate term of imprisonment. Petitioner's current projected release date is September 16, 2017.

On June 18, 2014, petitioner was interviewed for the B.O.P.'s Residential Drug Abuse Treatment Program (R.D.A.P.).  Pursuant to 18 U.S.C. § 3621(e)(2)(B), the B.O.P. has the discretion to reduce an inmate's sentence by up to one year if he or she was convicted of a nonviolent offense and successfully completes R.D.A.P.  B.O.P. staff determined that petitioner was ineligible for the early release benefit under 18 U.S.C. § 3621(e) because his current offense conviction involved a two-point enhancement under the Federal Sentencing Guidelines for possession of a firearm and also determined that his offense conduct presented a serious potential risk of physical force against the person or property of another.

In spite of this ruling, petitioner entered the unit-based portion of the R.D.A.P. on July 1, 2014 and is still active in the program.

Petitioner filed this petition on January 16, 2015, without attempting to file any administrative remedies with the Bureau of Prisons to challenge their determination that he is ineligible for early release consideration.

## II.  Discussion

The instant petition is subject to dismissal, because petitioner acknowledges that he failed to exhaust his administrative remedies with the B.O.P. prior to filing the instant petition.

A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Fazzini v. Northeast Ohio Correctional Center,* 473 F. 3d 229, 231 (6th Cir. 2006); *See also Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  The burden is on the habeas petitioner to prove exhaustion. *See, e.g., Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The Bureau of Prisons maintains an extensive administrative remedy procedure "through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10.  Pursuant to this administrative procedure, a prisoner who seeks administrative review of a complaint concerning the B.O.P. must apply to the warden or community corrections manager, to the Regional Director, and to the Office of General Counsel for relief. *See Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994)(citing 28 C.F.R. §§ 542.11, 542.13, and 542.15).

Petitioner acknowledges that he has failed to exhaust his administrative remedies but claims that it would be futile to do so because of the B.O.P.'s pre-determined policy that persons who receive sentence enhancements under the Federal Sentencing Guidelines for firearms possession are ineligible for a one year reduction in their sentences under 18 U.S.C. § 3621(e)(2)(B).

Although there is a futility exception to the exhaustion requirement, *See Fazzini,* 473 F. 3d at 236 (*citing Aron v. LaManna,* 4 Fed. Appx. 232, 233 (6th Cir. 2001)), resort to administrative remedies is considered futile only if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft,* 299 F. Supp. 2d 681, 690 (E.D. Ky. 2004)*(quoting James v. United States Dept. of Health and Human Services*, 824 F. 2d 1132, 1139 (D.C. Cir. 1987)).

Petitioner argues that any exhaustion of his claim would be futile due to the mandatory nature of the B.O.P.'s policy to automatically exclude from early release all inmates who have received two-level sentencing enhancements under the sentencing guidelines for possession of a firearm.

Petitioner is correct that when the B.O.P. has predetermined a disputed issue, the exhaustion requirement may be excused. *See McCarthy v. Madigan*, 503 U.S. 140, 148 (1992); *see also Boucher v. Lamanna*, 90 F. Supp. 2d 883, 887 (N.D. Ohio 2000)(exhaustion of administrative remedies would be futile where the B.O.P.'s policy on categorizing the prisoner's offense as a violent crime was mandatory, the issue was a legal one that the B.O.P. had consistently defended, and the potential for immediate release counseled timely consideration of the petitioner's case); *see also Johnson v. Zych*, No. 09-CV-13216, 2009 WL 2960403, at *1 (E.D. Mich. Sept. 14, 2009)(same); *Chevrier v. Marberry*, No. 04-10239, 2006 WL 3759909, *2-3 (E.D.Mich. 2006)(same). Other cases, however, have required a federal prisoner to exhaust administrative

-4-

remedies prior to seeking habeas relief on a claim that he or she was wrongly denied a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for the successful completion of a drug treatment program. *See e.g. Daniels v. Zych,* No. 09-11497-BC, 2010 WL 204101, at * 1-2 (E.D. Mich. Jan. 14, 2010); *Newsome v. Cauley*, No. CIV.A. 09CV79 HRW, 2009 WL 3190410, at *3 (E.D. Ky. Sept. 30, 2009).  Thus, there appears to be a split of authority about whether it would be futile to require a habeas petitioner to exhaust administrative remedies with respect to a claim that he or she was wrongly denied a sentence reduction under § 3621(e)(2)(B).

Petitioner's case, moreover, is also potentially distinguishable from those cases in which the courts ruled that it would be futile to require the prisoner to exhaust administrative remedies.  In his habeas application, petitioner makes the novel argument that the B.O.P.'s blanket determination that all federal prisoners who have received an enhancement under the sentencing guidelines for firearms possession are automatically guilty of a violent offense, so as to exclude them from eligibility for a one year sentence reduction under § 3621(e), violates the Fair Sentencing Act of 2010's *mens rea* requirement.  U.S.S.G. § 2D1.1, which is applicable to drug trafficking offenses, provides that a defendant's offense level should be increased by two levels if he or she "used violence, made a credible threat to use violence, or directed the use of violence." § 2D1.1(b)(2).  The commentary to § 2D1.1 provides that subsection (b)(2) implements § 5 of the Fair Sentencing Act ("FSA"). § 2D1.1(b)(2), comment. (backg'd). Section 5 of the FSA directs the Sentencing Commission to "review and amend the Federal sentencing guidelines to ensure that the guidelines provide an additional penalty increase of at least 2 offense levels if the defendant used violence, made a

-5-

credible threat to use violence, or directed the use of violence during a drug trafficking offense." *FSA, Pub.L. No. 111–220, § 5, 124 Stat. 2372.*

This Court has been unable to find a single case in which a federal prisoner argued that the Fair Sentencing Act's *mens rea* requirement for the Federal Sentencing Guidelines precludes the B.O.P. from categorically denying early release to prisoners whose current offense was a felony attended by the carrying, possession, or use of a firearm. In light of the *mens rea* requirement contained within the Federal Sentencing Act, the B.O.P. may be willing to reconsider its blanket policy that all federal prisoners who receive a two point enhancement are guilty of a violent offense and thus ineligible for a one year sentence reduction for completing drug treatment.

Before this Court reviews the B.O.P.'s policy, "the Bureau should be able to consider changing its policy." *Raynor v. Shartle*, No. 4:08-CV-1688, 2009 WL 1661913, at *3 (N.D. Ohio June 15, 2009)(exhaustion of petitioner's claim not futile in light of new 9th Circuit case which held that the B.O.P.'s categorical exclusion from early release prisoners convicted of firearms offenses violated the Administrative Procedures Act). Although the B.O.P. has in the past "expressed a clear policy and an unwillingness to change," in light of Congress's recent passage of the Fair Sentencing Act and its possible application to the B.O.P.'s current policy, "the benefit of exhaustion to both the administrative and judicial processes outweighs elements of futility." *Id.*

### III. ORDER

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501,

-6-

504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth

Circuit before filing an appeal from the denial of his habeas petition.

Dated:  April 21, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 21, 2015, by electronic and/or ordinary mail and also on
Rafael Bowens #09887-021, Milan Federal Correctional
Institution, Inmate Mail/Parcels, P.O. Box 1000,
Milan, MI 48160.

s/Barbara Radke
Deputy Clerk