UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL BOWENS, # 09887-021

               Petitioner,             CASE NO. 2:15-CV-10203

v.                                    HONORABLE GEORGE CARAM STEEH

J.A. TERRIS,

               Respondent.

_____/

**OPINION AND ORDER DENYING THE
MOTION FOR RECONSIDERATION**

     Rafael Bowens, ("Petitioner"), a federal prisoner confined at the Federal

Correctional Institution in Milan, Michigan, filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241, in which he challenged from the Bureau of Prisons'

(B.O.P.) determination that he is ineligible for a sentence reduction under 18

U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program.

On April 21, 2015, this Court summarily denied petitioner's application for a writ of

habeas corpus without prejudice on the ground that petitioner failed to exhaust his

administrative remedies and had not persuaded the Court that it would be futile for him

to do so.

     Petitioner has now filed a motion for reconsideration.  For the reasons that follow,

the Court will deny petitioner's motion for reconsideration.

     U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for

reconsideration.  However, a motion for reconsideration which presents the same

-1-

issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See DirecTV, Inc. v. Karpinsky,* 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Petitioner claims in his motion for reconsideration that it would be futile for him to attempt to exhaust his claims with the B.O.P., because he has new evidence that the B.O.P. is rejecting claims from other prisoners who argue that the B.O.P.'s blanket determination that all federal prisoners who have received an enhancement under the sentencing guidelines for firearms possession are automatically guilty of a violent offense, so as to exclude them from eligibility for a one year sentence reduction under § 3621(e), violates the Fair Sentencing Act of 2010's *mens rea* requirement.

Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed the petition for writ of habeas corpus on exhaustion grounds.

**IT IS HEREBY ORDERED** that petitioner's motion for a reconsideration [Dkt. # 9] is **DENIED.**

Dated: May 28, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

-2-

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 28, 2015, by electronic and/or ordinary mail and also on
Rafael Bowens #09887-021, Milan Federal Correctional
Institution, Inmate Mail/Parcels, P.O. Box 1000,
Milan, MI 48160.


s/Barbara Radke
Deputy Clerk